IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| Plaintiff, | |
| v. : | **CRIMINAL NO. CCB-09-0017** |
| **ERIC J. BAILEY** : | |
| Defendant. | |
| : | |

...ooOoo...

## MEMORANDUM IN SUPPORT OF MOTION TO RECONSIDER DENIAL OF MOTION TO SUPPRESS EVIDENCE

Defendant, by undersigned counsel submits this memorandum in support of his motion for the Court to reconsider the June 18, 2009 (Document # 25) denial of his motion to suppress any and all evidence seized and or obtained from him on December 19, 2008 during a nighttime search of 4205 Ridgewood Avenue, Baltimore, Maryland 21215.

## DISCUSSION

This brief and pointed memorandum incorporates Defendant's previous memorandum dated and filed on March 18, 2009 (Document #18) and relies upon information contained in Exhibit "A" to his motion for reconsideration in support of this request for reconsideration. Specifically, officers of the Baltimore City Police Department failed to bring to the attention of the Honorable Wanda Heard, the Baltimore Circuit Court Judge who authorized the search warrant in question, knowledge that they possessed detailed information as revealed in another affidavit which was submitted in support of a contemporaneous search of 808 Whitelock Street, Baltimore, Maryland 21217 (attached as Exhibit "A"). This affidavit contained much greater and more detailed

information about the controlled buy referred to in paragraph 35, page 30 of the affidavit, which was not included in the affidavit presented to Judge Heard and which Defendant contends should have been included in the supporting affidavit and was either purposely or grossly negligently omitted because it would have weakened the affidavit in support of the search of 4205 Ridgewood Avenue, Baltimore, Maryland 21215, on December 19, 2008, where the defendant was found and the firearm charged in this case was located and seized.

This failure of the Baltimore City Police implicates application of the principles of *Franks v. Delaware,* 438 U.S. 154 (1978) and the teaching of the following three holdings. The Eastern District of Michigan, *United States v. Paymon*, 523 F. Supp. 2d 584 (ED Mich 2007) granted a motion to suppress because of stale and attenuated information in the affidavit and denied a "good faith" exception. Two Sixth Circuit opinions, *United States v. Laughton*, 409 F.3d 744 (6th Cir.2005) *United States v. Hython,* 443 F.3d 480 (6th Cir. 2006), are also probative on this issue and it is from these opinions that the *Paymon* court received its elucidation. These authorities are offered to the Court as support for Defendant's contention that the search of 4205 Ridgewood Avenue, Baltimore, Maryland 21215 on December 19, 2009 was legally improper.

## V. <u>CONCLUSION</u>

Based on all of the facts set forth in the affidavit for the search of 4205 Ridgewood Avenue, Baltimore, Maryland 21215 as compared and contrasted with the affidavit supporting the search of 808 Whitelock Street, Baltimore, Maryland 21217 attached to the Motion for Reconsideration as Exhibit "A" and inferences drawn therefrom, the warrant issued in this case lacks the underpinning of the requisite showing

of probable cause to pass muster under the Fourth Amendment to the United States Constitution. Moreover, in light of the specific facts of this case, there is no objectively reasonable standard that could be applied to any of the executing officers, particularly where the evidence regarding 4205 Ridgewood Avenue, Baltimore, Maryland 21215 is so attenuated.

Dated: August 27, 2009.

Respectfully submitted,

_____/s/_____
Michael E. Marr, Bar # 00099
**Michael E. Marr, Attorney-at-law**
3107 Tyndale Avenue
Baltimore, MD 21214-3429
Phone:     410-254-7000
Facsimile: 410-254-7220
E-Mail:   mmarr@marrlaw.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 27th day of August 2009, I electronically filed the foregoing Memorandum with the Clerk of Court using the CM/ECF system that will send notification of such filing to the following:

**Clinton J. Fuchs, Assistant U.S. Attorney**
Clinton.Fuchs@usdoj.gov

**Andrea Smith, Assistant U.S. Attorney**
Andrea.Smith@usdoj.gov

_____/s/_____
Michael E. Marr

3